**In re CITY OF NORTH MIAMI BEACH.**

Circuit Court, Dade County.

January 15, 1953.

Harry W. Prebish, Miami, for City of North Miami Beach.

John E. Cicero, City Attorney, and Olavi M. Hendrickson, Assistant City Attorney, for City of Miami.

Richard W. Ervin, Attorney General, John A. Madigan, Jr., Assistant Attorney General, and John D. Kennedy, Assistant Attorney General, for the State.

PAT CANNON, Circuit Judge.

This cause came on to be heard on the bill for a declaratory decree filed by the city of North Miami Beach, the answer filed under section 87.10, Florida Statutes 1951, by the Attorney

44

General, who admits "that there is some doubt as to petitioner's rights relative to the enforcement of city ordinances regulating traffic on state and federal highways within the limits of a municipality," and the answer of the city of Miami, as intervenor by leave of court.

The issue is whether or not municipalities authorized by the legislature to regulate speed limits within their territorial limits may establish speed limits on state highways which are not the same as those established by section 317.22, Florida Statutes 1951, (exclusive of school zones). Section 317.22 is quoted below—

*Speed restrictions.—*

(1)  No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

(2)  Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence of reckless driving:

(a)  Twenty-five miles per hour in any business or residence district.

(b)  Sixty miles per hour in other locations during the daytime.

(c)  Fifty miles per hour in such other locations during the night time.

(3)  Every motor vehicle of a gross weight in excess of eight thousand pounds, unless equipped with pneumatic tires and designed for carrying passengers, shall observe the following speed limits in addition to the basic rule as set forth in subsection (1):

(a)  Twenty-five miles per hour in any business or residence district.

(b)  Fifty miles per hour in other locations during the daytime.

(c)  Forty-five miles per hour in such other locations during night time.

For the purposes of this subsection, any speed in excess of the above shall be considered prima facie evidence of reckless driving.

(4)  No school bus shall exceed the maximum speed limit of forty miles per hour on highways outside of municipalities; twenty-five miles per hour in any business or residence district.

(5)  The driver of every vehicle shall, consistent with the requirements of subsection (1), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when any special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.

The court is of the opinion that the pertinent provisions of section 317.22 establishing speed limits on state highways do not apply to such highways within cities or towns, by reason of the provisions of section 317.04(1), Florida Statutes 1951, set forth below—

*Obedience to and effect of traffic laws.—*

(1) PROVISIONS OF ACT REFERRING TO VEHICLES UPON THE HIGHWAYS; EXCEPTIONS. The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways outside of municipalities, except:

(a) Where a different place is specifically referred to in a given section.

(b) The provisions of §§317.07-317.21 shall apply upon highways and elsewhere throughout the state.

The court is further of the opinion that the provisions of section 320.55, Florida Statutes 1951—

*Conflicting ordinances prohibited; exception.—*It is unlawful for any municipal corporation to pass or attempt to enforce any ordinance in conflict with the provisions of this chapter or chapter 317; provided, however, that this section shall not apply to school zones.

do not limit the construction the court accords to section 317.22.

It is therefore decreed that the provisions of section 317.22, Florida Statutes 1951, do not limit the cities of North Miami Beach and Miami in their powers to adopt and enforce ordinances regulating the speed of motor vehicles on state highways which are within the territorial limits of said municipalities (exclusive of school zones).